IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CARL TAYLOR, JR.,
    Plaintiff,

vs.                                                                       Case No.:  5:14cv301/RS/EMT

STATE OF FLORIDA,
    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Carl Taylor, Jr. ("Taylor"), proceeding pro se, commenced this action by filing a complaint under 28 U.S.C. § 1331 or 42 U.S.C. § 1983 (doc. 1).  He paid the filing fee.  Defendant State of Florida specially appeared and filed a motion to dismiss for insufficient service of process and because Taylor cannot maintain an action against the State for damages under § 1983 (doc. 7). The court directed Taylor to respond to the motion to dismiss (*see* doc. 8); however, the deadline for doing so has passed, and Taylor has not filed a response.

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B), (C).  Upon review of the parties' submissions, it is the opinion of the undersigned that the State of Florida's motion to dismiss should be granted.

I.    BACKGROUND

    Taylor filed his complaint on November 6, 2014 (doc. 1).  He names one Defendant:  "State of Florida reply by [sic] Alicia Carothers, Assistant State Attorney" (doc. 1 at 1, 2).  Taylor alleges that on August 3, 2013, he was arrested for battery on a female victim that allegedly occurred thirty minutes prior to his arrest (*id.* at 3).  He alleges he told the arresting officer that he had not been at the location where the battery occurred (*id.*).  He alleges the officer responded that he (Taylor) had been identified by name, and "my profile matched" (*id.*).  Taylor alleges he was advised that he faced a

penalty of one year in jail if he convicted of the charge (*id.*). He alleges bail was set, and he posted bail after spending twenty days in jail (*id.*). Taylor alleges he maintained his innocence, and on November 26, 2013, he "won" his case against the State, which was prosecuted by Assistant State Attorney Alicia Carothers (*id.*).[1] Taylor brings claims of harassment and false imprisonment under Florida Statutes §§ 57.085, 68.084, 68.086, 794.03, and 787.02 (*id.* at 4).[2] As relief, he seeks monetary damages for pain and suffering in the amount of $38,150,000,000.00 (*id.*).

The State seeks dismissal on the ground that Taylor failed to effect proper service within 120 days of filing the complaint (doc. 7). The State also contends that even if process was sufficient, the State may not be sued for damages under § 1983, and Assistant State Attorney Carothers is entitled to prosecutorial immunity from any claim for damages (*id.*).

II.  ANALYSIS

The court will first address the State's argument that the complaint is subject to dismissal for failure to state a claim upon which relief can be granted. A motion to dismiss for failure to state a claim is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure. In determining whether dismissal is warranted under Rule 12(b)(6), the allegations of the complaint are taken as true and are construed in the light most favorable to non-moving party. *See* Davis v. Monroe Cnty. Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quotation and citation

---

[1] The court takes judicial notice of information available on the database maintained by the Clerk of Court for Bay County, Florida, http://court.baycoclerk.com, which reveals that Taylor was arrested for misdemeanor battery on August 3, 2013, Case No. 13006172MMMA, and Assistant State Attorney Alicia Carothers filed a No Information on November 20, 2013. *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

[2] Florida Statutes § 57.085 provides for the deferral of prepayment of court costs and fees for indigent prisoners. Florida Statutes §§ 68.084 and 68.086 are applicable to actions brought under Florida's False Claims Act. Florida Statutes § 794.03 makes it unlawful to publish or broadcast information identifying the victim of a sexual offense. Florida Statutes § 787.02 defines the criminal offense of false imprisonment.

Case No.: 5:14cv301/RS/EMT

omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted). Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

Two essential elements must be present in an action under § 1983: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed.2d 420 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). Here, Taylor does not expressly claim that the State's conduct deprived him of a right or privilege secured by the Constitution or other federal law, and instead alleges only violations of his rights under Florida law,

though he filed his complaint on the form for use in civil rights cases. The undersigned liberally construes his allegations as bringing a civil action for damages under 42 U.S.C. § 1983.

The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a State or against officers or employees of the State or its agencies in their official capacities. *See* Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Taylor's federal suit against the State of Florida and Assistant State Attorney Carothers in her official capacity. *See* Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

To the extent Taylor brings claims against Assistant State Attorney Carothers in her individual capacity, those claims are also subject to dismissal, because Ms. Carothers is entitled to absolute immunity. In Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976), the Supreme Court considered whether traditional common-law immunities for prosecutors, which derived from immunities recognized for judges, applied to civil cases brought under 42 U.S.C. § 1983. The Supreme Court concluded that they did. *Id.*, 424 U.S. at 427–28 (citation omitted). The Court has explained that the common law gives absolute immunity in § 1983 actions for activities that are "'intimately associated with the judicial phase of the criminal process.'" Van de Kamp v. Goldstein, 555 U.S. 335, 341, 129 S. Ct. 855, 172 L. Ed. 2d 706 (2009) (quoting Imbler, 424 U.S. at 430); *accord* Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999).

"[A] functional approach has evolved to determine whether executive branch public officials should be granted absolute immunity for taking particular actions, or whether they should enjoy instead only the qualified immunity normally afforded public officials." Jones, 174 F.3d at 1282. This functional approach looks to the nature of the function performed, not to the identity of the person who performed it. *See* Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993). Under this functional analysis, executive branch officials are entitled to absolute immunity for certain functions intimately associated with the judicial process. Van de Kamp, 555 U.S. at 343.

Subsequent Supreme Court decisions established outer bounds on what activities qualify for prosecutorial immunity and to which individuals it applies. Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and presenting the State's case. *See*

Imbler, 424 U.S. at 431. A prosecutor is immune for malicious prosecution. *See* Malley v. Briggs, 475 U.S. 335, 342–43, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986). Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing. *See* Burns v. Reed, 500 U.S. 478, 490–92, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); Kalina v. Fletcher, 522 U.S. 118, 126, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997).

Applying these principles, the Eleventh Circuit has emphasized that, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." Jones, 174 F.3d at 1281. Such absolute immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (quotation marks omitted); *accord* Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2002). Prosecutors have absolute immunity when "filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate . . . complaints about the prison system, [and] threatening . . . further criminal prosecutions . . . ." Hart v. Hodges, 587 F.3d 1288, 1295 (quotation marks and citations omitted).

Here Assistant State Attorney Carothers's conduct concerned her function as an advocate for the State. Therefore, she is entitled to prosecutorial immunity from Taylor's § 1983 claims against her in her individual capacity.

In light of the undersigned's conclusion that the complaint should be dismissed for failure to state a claim upon which relief can be granted, the court need not address the State's additional argument that this action is subject to dismissal for failure to effect proper service. Furthermore, because Taylor's allegations do not—and cannot—state a claim upon which relief can be granted, amendment of the complaint would clearly be futile. Therefore, the court should dismiss this case without allowing, or encouraging, amendment.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (doc. 7) be **GRANTED**.

2. That Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

Case No.: 5:14cv301/RS/EMT

3.	That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 30th day of April 2015.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**